CHEHARDY, Judge.
This appeal comes to us by application for supervisory writs, which we originally denied on the basis the petitioners had adequate remedy by appeal. The Supreme Court, 428 So.2d 473, however, granted the petitioners’ writ application and remanded the case to us with the following directive: “Writ granted. Case remanded to Court of Appeal for briefing, argument and opinion.” In accordance therewith, we treat the matter as an expedited appeal.
Petitioners, Donald J. Cox and Fernand A. Becnel, are members of the St. John the Baptist Parish School Board. Mr. Cox was elected for a six-year term in 1980 and Mr. *399 Becnel was elected for a six-year term in 1978. Thus, Mr. Cox's term will end in 1986; Mr. Becnel’s, in 1984.
On April 22, 1982, the St. John the Baptist Parish School Board adopted a reapportionment plan, approved by the United States Department of Justice, which reduced the number of school board districts from ten to nine. This plan was to take effect on January 1, 1983. Under the new plan, Cox and Becnel found themselves in the same district.
The reapportionment plan was subsequently amended by a majority vote of the school board to provide that Cox and Becnel would have only one-half a vote each after the reapportionment took effect. Cox and Becnel thereafter sued for a temporary restraining order and permanent injunction to prevent implementation of the amendment diluting their voting strength. They also sought a declaratory judgment that the action of the board was null and beyond the scope of the board’s powers.
The district court issued the temporary restraining order and set a hearing on the preliminary injunction. The school board then attempted to remove the case to federal court, but the federal court remanded the matter back to the state court upon motion of Cox and Becnel.
On January 20, 1983, a hearing was held and the district court rendered judgment’ dissolving the temporary restraining order and denying the preliminary injunction. Petitioners complain of this judgment. As mentioned above, they sought supervisory writs from this court.
We originally denied the application for writs because we recognized that the only matter before us was the dissolution of the temporary restraining order and the district court’s refusal to grant a preliminary injunction during pendency of the ease. We felt that a speedier and more adequate remedy would be afforded by completion of trial on the merits and then appeal to us to settle all issues between the parties.
We point out specially that the judgment rendered in this opinion relates only to the preliminary injunction, and does not necessarily decide the merits of the case, because issuance of a permanent injunction and a declaratory judgment are still pending before the district court. See Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La. 1979).
In their briefs to this court, the parties refer to LSA-R.S. 17:71.1 et seq., which deal with reapportionment and reorganization of school boards. Both sides, however, seem to have overlooked the Louisiana Constitution of 1974, Article 14, Section 15, which states:
“A person holding an office by election shall continue to exercise his powers and duties until his office is abolished, his successor takes office or the office is vacated, as provided by law. A person holding an office by appointment shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law. Each public body shall continue to exercise its powers and duties until changed as provided by this constitution or by law.”
Under this constitutional provision, Cox and Becnel, as duly elected officials, have the right to exercise their powers and duties — including their power to vote — until their offices are abolished, their successors take office or their offices are vacated, as provided by law.
It might be argued that the reapportionment plan, drawn up according to statutory provisions, in effect “abolished” Cox’s and Becnel’s offices. However, it is plain under the provisions of the statutes on school board reapportionment that such reappor-tionments are not intended to do away with incumbent members. LSA-R.S. 17:71.2(B) and 17:71.7 provide:
“School boards which reapportion under the provisions of this Subpart shall provide for the election of the members of the board for concurrent terms of four years, commencing at the earliest election date which does not require a reduction in the term of an incumbent member, and *400 which will result in terms which coincide with the terms established by R.S. 17:52. To implement such four-year terms, the board may provide for shorter initial terms as necessary to result in the election of all members to four-year concurrent terms.” (Emphasis added.) R.S. 17:71.2(B).
“A. Each city or parish school board which is operating under a reapportionment plan which was ordered or approved by a federal court shall provide for the election of the members of the board for four-year concurrent terms, commencing at the earliest election date which does not require a reduction in the term 'of an incumbent member, and which will result in terms which coincide with the terms established by R.S. 17:52.
“B. Each city or parish school board which on the effective date of this Section is under an order of a federal court to submit a plan for the reapportionment of the areas from which the members of the board are elected shall include in such plan provisions for the election of members of such boards for four-year concurrent terms, commencing at the earliest election date which does not require a reduction in the term of an incumbent member and which will result in terms which coincide with the terms established by R.S. 17:52.
“C. To implement the four-year terms required by this Section, the school board may provide for shorter initial terms as necessary to result in election of all members to concurrent four-year terms.” (Emphasis added.) R.S. 17:71.7.
The careful provision by the legislature to allow for establishment of concurrent four-year school board terms, without reducing the terms of incumbent members upon institution of reapportionment plans, must have been intended to apply to situations such as this before us.
Accordingly, on the face of the record before us, and considering that the matter has not yet been presented for trial on the merits, we hold, that the St. John the Baptist Parish School Board exceeded its authority in reducing the voting rights of Cox and Becnel to one-half vote each. It would appear the school board’s remedy is to provide for elections pursuant to LSA-R.S. 17:52 and R.S. 17:71.1 et seq.
For the foregoing reasons, the judgment of the district court is reversed. Judgment granting a preliminary injunction is hereby rendered in favor of petitioners, Donald J. Cox and Fernand A. Becnel, and against defendants, Francis X. Champagne, Alvin M. Perret, Charles J. Watkins, Gary A. Keating, Harry Robottom and Felix A. Le-Bouef, acting as a majority of the members of the St. John the Baptist Parish School Board. The aforesaid defendants, their agents, employees, and all other persons and firms acting or claiming to act in their behalf are hereby preliminarily enjoined, restrained and prohibited without bond from preventing petitioners from having a full vote at the St. John the Baptist Parish School Board meetings, until determination of this case on the merits of petitioners’ requests for a permanent injunction and for a declaratory judgment.
Defendants-appellees are cast for. the costs of this appeal. The case is remanded to the district court for further proceedings.
REVERSED; PRELIMINARY INJUNCTION ISSUED; CASE REMANDED.